IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No.  10-cv-00649-CMA-MJW


DANIEL JOYCE and
ROBERT LOPEZ,

Plaintiffs,

v.

NORTH METRO TASK FORCE,
THE CITY OF NORTHGLENN, COLORADO,
THE CITY OF THORNTON, COLORADO,
JAMES NURSEY,
RUSSELL VAN HOUTEN,
JACK BELL,
DANTE CARBONE,
TIMOTHY HERSEE,  and
RICHARD REIGENBORN,

Defendants.

---

## ORDER REGARDING
## NMTF'S MOTION TO STRIKE PLAINTIFFS' RESPONSE TO DEFENDANT NMTF'S STATEMENT REGARDING *IN CAMERA* REVIEW (DOCKET NO. 59)

---

**Entered by Magistrate Judge Michael J. Watanabe**


This matter is before the court on Defendant NMTF's Motion to Strike Plaintiffs' Response to Defendant NMTF's Statement Regarding In Camera Review (docket no. 59).  The court has reviewed the subject motion (docket no. 59), the response (docket no. 64), and the reply (docket no. 66).  In addition, the court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case

2

law.  The court now being fully informed makes the following findings of fact,

conclusions of law, and Order.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1.    That I have jurisdiction over the subject matter and over the parties

to this lawsuit;

2.    That venue is proper in the state and district of Colorado;

3.    That each party has been given a fair and adequate opportunity to

be heard;

4.    That as to Defendant North Metro Task Force's ("NMTF") Motion to

Strike Plaintiffs' Response to Defendant NMTF's Statement

Regarding *In Camera* Review (docket no. 59), none of the Co-

Defendants object to this motion;

5.    That on March 1, 2011, I granted Plaintiffs' Stipulated Motion for

Limited Waiver of Privilege and for an *In Camera* Review.  See

docket no. 50.  In my Order (docket no. 50), I ordered that "[w]ithin

five business days the parties may prepare a brief (three pages or

less) statements of their general positions to assist the Court in

making a determination;"

6.    That NMTF timely filed its position statement on March 8, 2011

(docket no. 55);

7.    That Plaintiffs did not file any position statement by March 8, 2011;

8.    That on March 12, 2011, Plaintiffs filed an untimely Response

3

(docket no. 58) instead of a position statement;

9.     That Plaintiffs' Response was nine (9) pages and exceeded the
       page limitation as ordered.  See docket no. 50; and

10.    That Plaintiffs' Response is not in compliance with my ORDER
       (docket no. 50) and should be stricken.

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusion of law this court
**ORDERS**:

1.     That NMTF's Motion to Strike Plaintiffs' Response to Defendant
       NMTF's Statement Regarding In Camera Review (docket no. 59)
       **GRANTED**.

2.     That Plaintiffs' Response (docket no. 58) is **STRICKEN**;

3.     That Plaintiffs will be permitted to file with the court a written
       position statement not to exceed three pages on or before April 27,
       2011, since I find no prejudice to Defendants, noting that this court
       is currently in the process of listening to the CD concerning the *Oak
       Chin* investigation, *in camera*, and I have not yet entered any ruling
       on the Plaintiffs' Motion for Order Compelling Production of
       Subpoenaed Documents and Testimony (docket no. 37).  Such
       ruling will not take place until I have had an opportunity to listen to
       the entire CD concerning the *Oak Chin* investigation; and

4.     That each party shall pay their own attorney fees and costs for this

4

motion.

Done this 22nd day of April 2011.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE